UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE WILSON, DWIGHT WILSON,
HASSAN TURNER, C.S., Z.S., N.S. and A.S

    Plaintiffs,

                                                    Case No. 2:17-cv-11243
-vs-                                            Hon: AVERN COHN

STATE FARM FIRE AND
CASUALTY COMPANY

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (ECF No. 51)

### I. INTRODUCTION

This is an insurance case. Plaintiffs Johnnie Wilson, Hassan Turner, and Turner's grandchildren (C.S., Z.S., N.S. and A.S.) are suing state farm for denying their claims for the loss suffered after a fire at their home. The named insured on the policy was Johnnie Wilson. It is undisputed that Wilson's son, Hassan Turner, and his grandchildren (C.S., Z.S., N.S. and A.S.), were all insured persons under the fire insurance policy.[1]

---

[1] The fire insurance policy defines the insured and co-insureds as: "you and, if residents of your household: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." (ECF No. 51-2, PageID.523).

1

The parties consented to a jury trial. The jury unanimously found that Wilson had a wrongful connection to the fire and that Turner did not. (ECF No. 44).

State Farm now asks the Court to find that Turner and his grandchildren are precluded from recovering under the fire insurance policy. State Farm argues that because the policy excludes coverage for "innocent co-insureds", the jury's finding that Wilson had a wrongful connection to the fire also precludes Turner and the grandchildren from coverage for their loss of personal property. The fire insurance policy states: "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss." (ECF No. 51-2, PageID.537). Turner and the grandchildren argue that Michigan law deems this language void. Therefore, they say, they are entitled to collect under the policy as "innocent co-insureds."

During the trial, State Farm filed a motion for judgment as a matter of law on these grounds. The Court denied the motion, saying that the issue was preserved. State Farm has renewed the motion. (ECF No. 51).

## II. LEGAL STANDARD

A "[J]udgment as a matter of law is appropriate '[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" Burley v. Gagacki, 729 F.3d 610, 621 (6th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). The decision to grant judgment as a matter of law and remove the consideration of the case

from the jury should occur only when "there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ." Id.

### III. ANALYSIS

The Michigan Supreme Court first addressed whether one insured may recover after a coinsured causes a loss in Monaghan v. Agric. Fire Ins. Co., 53 Mich. 238 (1884). Answering in the negative, the court reasoned "if the right of action has become barred as to one of the joint contractors, it has to all of them […]. Any attempt on [one insured's] part to defraud the company by not complying with the conditions of the policy, or any false swearing or concealment or fraud in reference to the proofs of loss, would defeat a recovery." Id.

Almost a century later, the Michigan Supreme Court introduced the "innocent co-insured" doctrine in Morgan v. Cincinnati Ins. Co., 411 Mich. 267 (1981). The supreme court explained, "[W]henever the statutory clause limiting the insurer's liability in case of fraud by the insured is used it will be read to bar only the claim of an insured who has committed the fraud and will not be read to bar the claim of any insured under the policy who is innocent of fraud." Id. at 277. The decision was grounded in public policy, the court noting that barring recovery to all insureds based on one's fraudulent conduct would require "that each insured must not only undertake to forbear from fraud himself, but must also undertake to prevent each of the other persons insured from engaging in fraud on pain of losing all interests under the policy." Id. The supreme court declined to impose such a requirement, noting that "an insured often has no control over the conduct of others." Id. at 276.

In <u>Borman v. State Farm Fire & Cas. Co.</u>, 446 Mich. 482 (1994), the supreme court expanded the scope of the "innocent co-insured" doctrine to cover not only fraudulent acts, but intentional conduct as well. The supreme court prohibited "an insurer from denying coverage to "an insured" who is innocent of wrongdoing based upon the wrongdoing of any other coinsured." <u>Id</u>. at 489. The supreme court then concluded that an intentional acts exclusion was not permissible where the exclusion barred recovery to an innocent spouse. <u>Id.</u> at 490.

The dissent in <u>Borman</u> found a distinction between "the" insured and "any"/ "an" insured as the terms are used in an insurance policy to preclude collection. When the policy uses "any/an insured," the dissent stated, all co-insureds, including innocent co-insureds, are precluded from recovery. <u>Id</u>. at 494. A small number of Michigan Court of Appeals cases have applied the reasoning of the dissent to bar coverage to innocent co-insureds. State Farm asks the Court to do the same.

When deciding a diversity case under state law, a federal court must apply the law of the forum state's highest court. <u>Durmishi v. Nat'l Cas. Co.</u>, 720 F. Supp. 2d 862 (E.D. Mich. 2010). If the state's highest court has decided an issue, the court is bound to apply the rule of that case. <u>White v. FCA US, LLC</u>, 350 F. Supp. 3d 640, 643 (E.D. Mich. 2018).

The only case cited by State Farm that bares some similarity to the instant case is <u>Home Owners Ins. Co. v. Selfridge</u>, 2008 WL 5273418 at *3 (Mich. Ct. App. Dec. 18, 2008). There, the court of appeals found the policy was void as to innocent co-insureds where one of the insureds made a false statement to the insurance company regarding

their claim. This Court is not bound by an unpublished court of appeals case—only by the majority opinion in Borman, supra.

Other cases State Farm cites are distinguishable. In Michigan Basic Prop. Ins. Ass'n v. Wasarovich, 214 Mich. App. 319, 325 (1995), the court considered whether a homeowners' insurance policy provided coverage for a coinsured with respect to an intentional shooting committed by another insured. There, the court concluded that the innocent coinsured doctrine was inapplicable, holding that "this case does not involve an attempt to void a policy because of an insured's fraudulent claim." Id. at 324.

Wingz & Thingz 1 v. Penn-Star Ins. Co., 547 F. App'x 766, 768 (6th Cir. 2013) cited Wasarovich and Selfridge, supra, for their general approach of constructing Michigan contract law, not for their application of the innocent co-insured doctrine. Further, the case involved a single insured who made a faulty insurance claim and was attempting to collect, not multiple insureds.

State Farm also argues the Michigan Legislature never required, or at a minimum, no longer requires that insurers provide coverage for so-called innocent co-insureds when the damages are the result of any insured having a wrongful connection to an intentionally set fire, leaving the decision whether to provide such protection to individual insurers.

M.C.L.A. § 500.2833 replaced §2832, the former Standard Fire Insurance Policy, in 1991. State Farm argues that under §2832, innocent co-insureds were not entitled to coverage if an insured had committed an intentional act (as opposed to committing fraud or concealment). Therefore, State Farm says, they are also not entitled to coverage under §2833.

Borman found that a policy must not be construed to deny coverage to an innocent coinsured for the intentional wrongs of another insured under §2832, directly negating State Farm's argument. 446 Mich. at 492 (Holding the "provision of homeowner's policy that policy was void "as to you or any other insured" if any person insured under policy caused or procured loss to property covered under the policy for purpose of obtaining insurance benefits, or intentionally concealed or misrepresented any material fact or circumstance was void, insofar as policy denied fire coverage to innocent insured, contrary to standard policy. M.C.L.A. § 500.2832."). State Farm argues that this holding was an improper example of judicial overreach. The Court, however, is bound by Borman.

State Farm argues that in the alternative, if §2832 did provide coverage for an innocent co-insured when another insured committed an intentional act, §2833 does not. The issue was addressed in Williams v. Auto Club Grp. Ins. Co., 224 Mich. App. 313, 317–18 (1997). There, the court of appeals applied Borman, and reasoned that § 2833, like § 2832, prevents the enforcement of an exclusion that voids a fire insurance policy for intentional acts by "an insured." Id. at 320. The court of appeals also held that "legislative intent could not be more clearly expressed; the scope of coverage afforded by § 2832 was left intact" by replacement with § 2833. Id. Thus, both of State Farm's arguments regarding statutory interpretation of § 2833 are without merit.

Last, State Farm asks this Court to certify the following questions to the Michigan Supreme Court:

1. Can an insurer preclude innocent co-insureds from recovering proceeds under an insurance policy if the policy expressly provides that an intentional

6

> and/or fraudulent act caused by any insured, precludes coverage for all other insureds?
> 2. Are insurers required under M.C.L. 500.2833 to provide coverage for innocent co-insureds when the loss was the result of an insured intentionally destroying the property?

(ECF No. 51). Under Local Rule 83.40(a), the Court may ask "the highest Court of the State" for an opinion on a state law question when (1) the issue certified is an unsettled issue of state law, and (2) the issue certified will likely control the outcome of the federal suit, and (3) certification of the issue will not cause undue delay or prejudice.

"The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." Transamerica Ins. Co. v. Duro Bag Mfg. Co., 50 F.3d 370, 372 (6th Cir. 1995). The decision to pursue certification "is most appropriate when the question is new and state law is unsettled." Id.

There is no new question of state law before the Court. While State Farm argues the Michigan Supreme Court has not addressed the issue in 25 years, this persuades the Court that the law is well settled. Further, there is no ambiguity in how Michigan appellate courts have interpreted the repeal and replacement of §2832. Indeed, the Michigan Court of Appeals has flatly rejected State Farm's argument that Williams, supra, should be overruled. See Hicks v. Auto Club Grp. Ins. Co.,2012 WL 205795, at *1 (Mich. Ct. App. Jan. 24, 2012) ("In Williams, this Court determined that MCL 500.2833(2) requires insurance carriers to provide coverage to innocent coinsureds, notwithstanding any policy exclusions for intentional acts or fraud by an insured. Defendant asks us to declare a conflict with Williams and to instead apply the Williams dissent. We decline to declare a conflict. We follow the Williams majority opinion[.]").

### IV. CONCLUSION

For the reasons stated above, State Farm's renewed motion for judgment as a matter of law is DENIED.

SO ORDERED.

                                        s/AVERN COHN
                                        **UNITED STATES DISTRICT JUDGE**

Dated: November 21, 2019