UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE WILSON, DWIGHT WILSON,
HASSAN TURNER, C.S., Z.S., N.S. and A.S

    Plaintiffs,

-vs-

Case No. 2:17-cv-11243
Hon: AVERN COHN

STATE FARM FIRE AND
CASUALTY COMPANY

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL (ECF No. 52)

### I. INTRODUCTION

This is an insurance case. Plaintiffs Johnnie Wilson, Hassan Turner, and Turner's grandchildren (C.S., Z.S., N.S. and A.S.) are suing State Farm for denying their claims for insurance for the loss suffered after a fire at their home. The Named Insured on the policy was Johnnie Wilson. It is undisputed that Wilson's son, Hassan Turner, and his grandchildren (C.S., Z.S., N.S. and A.S.), were all insured persons pursuant to the definitions set forth in the policy.

The case was tried in front of a jury. The jury unanimously found that Plaintiff Johnnie Wilson had a wrongful connection to the fire, but that his son, Plaintiff Hassan Turner, did not. (ECF No. 44). A judgment was entered. (ECF No. 45). Before the submission of the case to the jury, the Plaintiffs moved for the dismissal of State Farm's fraud defense, which was granted by the Court. In an oral ruling from the bench, the

1

Court concluded that State Farm's fraud defense was too related to State Farm's arson defense, such that it was not appropriate for the jury to be allowed to decide if the Plaintiffs violated the policy's concealment or fraud provisions as well. An order on this ruling was not entered. State Farm moved for a new trial for Turner under FRCP 59(a) on the grounds that the Court should have instructed the jury on the fraud defense, and their motion is now before the Court. (ECF No. 52).

## II.     LEGAL STANDARD

FRCP 59(a) provides that following a jury verdict, the court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In Montgomery Ward & Co. v. Duncan, 311 U.S. 243 (1940), the United States Supreme Court held that a, "motion for new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party."

## III.    ANALYSIS

State Farm argues the jury should have been able to decide whether Turner violated the policy's concealment or fraud provision. They say that Turner "could have learned that his father set the fire after the fire had occurred, and then provided false information and/or concealed the truth from State Farm in an effort to assist his father in his attempt to recover benefits under the subject insurance policy." (ECF No. 52). The policy reads:

> SECTION I AND II - CONDITIONS 2. Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any

material fact or circumstance relating to this insurance, whether before or after a loss.

(ECF No. 52-4).

A fraud and false swearing defense may be different than an arson defense. See K & T Enterprises, Inc. v. Zurich Ins. Co., 97 F.3d 171, 180 (6th Cir. 1996). See also J.C. Wyckoff & Assoc., Inc., 936 F.2d at 1478, 1486 (arson defense failed while fraud and false swearing defense succeeded); Northern Assurance Co. v. Rachlin Clothes Shop, Inc., 32 Del. 406 (1924) (fraud and false swearing defense failed while arson defense succeeded). Here, if Turner had "come to know" that his father had a wrongful connection to the fire after the fact, but concealed or misrepresented that to State Farm, he would be precluded from recovering under the policy. This is not the same as a wrongful connection to the fire as described on the verdict form, which read: "Do you find by a preponderance of the evidence that Hassan Turner intentionally set or arranged for the setting of the April 27, 2016 fire, or that he knew of and consented to the setting of the fire?" (ECF No.51-3).

For a new trial, State Farm must show it was prejudiced by the exclusion of the fraud instruction. See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co., 724 F. Supp. 2d 701, 714 (E.D. Mich. 2010). See also Kamenov v. N. Assur. Co. of Am., 687 N.Y.S.2d 838, 840 (Moving party must show that the evidence provided on behalf of the proposed affirmative defense, if credited by a jury, would have supported a verdict in moving party's favor).

State Farm does did not ask Turner a single question about his concealment of the fire after the fact. State Farm did not ask Turner whether he knew if his father set the fire, when he found out his father set the fire, or whether he misrepresented any

3

facts about the fire to State Farm. State Farm's single question to Turner about whether he knew if his father "had a reason" to set the fire falls short of evidence supporting fraud or concealment (ECF No. 52-6). The limited information State Farm presents as potential evidence of fraud or concealment does not support a verdict for a fraud/concealment defense. See Smith v. Lumbermen's Mut. Cas. Co., 360 So. 2d 1098 (Fla. Dist. Ct. App. 1st Dist. 1978) ("a party is entitled to have the jury instructed on his or her theory of the case when there is substantial evidence supporting the theory.").

## IV. CONCLUSION

For the reasons stated, State Farm's motion for a new trial for Hassan Turner is DENIED.

SO ORDERED.

                                                  **s/AVERN COHN**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: November 21, 2019