UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE WILSON, DWIGHT WILSON,
HASSAN TURNER, C.S., Z.S., N.S. and A.S

    Plaintiffs,

                                       Case No. 2:17-cv-11243
-vs-                                     Hon: AVERN COHN

STATE FARM FIRE AND
CASUALTY COMPANY

    Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL AS TO JOHNNIE WILSON (ECF NO. 49)

### I. INTRODUCTION

This is an insurance case. Plaintiff Johnnie Wilson is suing State Farm for denying his claim for insurance coverage for the loss suffered after a fire at his home. Wilson was the named insured on the policy.

Before trial, Wilson moved to exclude evidence of his poverty. The Court declined and "indicated it would review the issue if the issue was pertinent after the jury's verdict." (ECF No. 49, PageID. 462). The jury unanimously found that Wilson had a wrongful connection to the fire. (ECF No. 44). Now before the Court is Wilson's motion for a new trial. (ECF No. 49). For the reasons that follow, Wilson's motion is DENIED.

### II. LEGAL STANDARD

1

Fed. R. Civ. P. 59(a) provides that following a jury verdict, the court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243 (1940), the Supreme Court held that a, "motion for new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party."

### III. ANALYSIS

Wilson argues a new trial is warranted because the jury improperly heard evidence of his poverty and that the only evidence connecting him to the fire was the hole in the roof of the home. (ECF No. 49).

State Farm argues it properly introduced evidence of Wilson's declining financial condition as evidence of motive to set the fire. Further, State Farm says the evidence of the hole was one piece of evidence connecting Wilson to the fire and evidence of his deteriorating financial condition was another.

In <u>People v. Henderson</u>, 408 Mich. 56, 66 (1980), the Michigan Supreme Court discussed when it is permissible to introduce evidence of poverty, finding that evidence of poverty is not ordinarily admissible to show motive given the low probative value but high prejudicial impact. "There is a risk that it will cause jurors to view a defendant as a "bad man" a poor provider, a worthless individual." <u>Id</u>. Other evidence of financial condition may, however, be admissible in the circumstance of a particular case. The court distinguished evidence of poverty showing that a person is chronically short of

2

funds and evidence showing that a person is experiencing a shortage of funds that is out of the ordinary, finding that the latter is admissible to show motive. Id.

Wilson relies heavily on Smith v. Michigan Basic Prop. Ins. Ass'n, 441 Mich. 181, 195, 490 (1992) to argue any evidence of Wilson's poverty or financial condition should be excluded. In Smith, the Michigan Supreme Court agreed with the lower courts that evidence of the Smiths' financial condition should not be admitted. The Court cited Henderson, supra, to say that the insurer was using evidence of financial condition improperly, stating "[the insurance company] made no effort to show that there had been a deterioration in the Smiths' financial condition. During the argument on the motion, the Smiths' lawyer stated without objection that the "facts are undisputed that my clients, while not having high income also were not behind on any of their bills, were not in financial distress, were not under any pressure from any creditors or anyone else to pay money. But merely, they're poor people." Id.

Here, State Farm properly admitted evidence showing that in the months leading up to the fire, Wilson's financial condition continued to deteriorate. It was that deterioration, coupled with the fact that the home was insured for much more than it was worth on the market, that provided Wilson with the motive to collect insurance proceeds through arson. (ECF No. 51-2; PageID.515).

State Farm's evidence of Wilson's declining financial state was as follows:

- State Farm paid Wilson approximately $21,000.00 in 2015 in connection with a roof damage claim, which he claims his public insurance adjuster stole. At the time of the fire, the roof had still not been repaired.
- Wilson had stopped paying his water bill in November 2015, five months before the fire. Each month thereafter, through the date of the fire, Wilson had not made any payments toward the water bill, resulting in a balance

- due on the date of the fire of $1,468.61, including $1,273.25 that was "past due."
- 2015 was the first year that Wilson failed to pay the property taxes owed for the property, and that those taxes were past due at the time of the fire.
- At the time of the fire, Wilson was allegedly receiving income through social security payments, the money/rent he allegedly received (though the testimony was inconsistent) from his son and brother, as well as the money he received each month from his former attorney.

(ECF No. 55). State Farm provided sufficient evidence to show Wilson's declining financial state leading up to the time of the fire. There is no indication that the evidence was used simply to show Wilson was poor.

### IV. CONCLUSION

For the reasons stated, Wilson's motion for a new trial is DENIED.

SO ORDERED.

s/AVERN COHN
**UNITED STATES DISTRICT JUDGE**

Dated: November 21, 2019